

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS CURTIS HAMILTON, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:13-2506-MGL-KDW |
| § | |
| WARDEN, Lieber Correctional Institution, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE,
AND DENYING PETITIONER'S MOTION FOR LEAVE
TO PLACE THE ACTION IN ABEYANCE

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. Petitioner's motion for leave to place the action in abeyance is also pending before the Court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 17, 2014, but Petitioner failed to file any objections–even after the Court granted to him an extension to do so. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**.

In lieu of filing any objections, Petitioner filed a motion for leave to place the action in abeyance under S.C. Code Ann. 1-23-150 (1976) (concerning "[a]ppeals contesting [the] authority of [an] agency to promulgate [a] regulation") and Rule 12(d) of the Fourth Circuit's Local Rules of the Federal Rules of Appellate Procedure (concerning the abeyance of cases pending at the Fourth Circuit). But Petitioner presents no argument, and the Court is unable to divine, how either of these provisions is applicable here. Therefore, Petitioner's motion for leave to place the action in abeyance is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of

appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of January, 2014, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.